Case 1:01-cr-00313-HG    Document 758    Filed 05/30/2006    Page 1 of 7

PROB. 12B
(7/93)

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 30 2006

at 3 o'clock and 38 min P M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: CHEYN KIYOTSUKA         Case Number: CR 01-00313HG-09

Name of Sentencing Judicial Officer:   The Honorable Helen Gillmor
                                        Chief U.S. District Judge

Date of Original Sentence: 7/30/2002

Original Offense:   Count 4: AIDING AND ABETTING THE DISTRIBUTION OF METHAMPHETAMINE, in violation of 21 U.S.C. § 841(a)(1), a Class C felony

Original Sentence:   Eighteen months imprisonment, to run consecutively to the undischarged term of imprisonment in Criminal No. 92-2790, followed by three years of supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Modification:   On 8/31/2004, a Request for Modifying the Conditions of Supervision With Consent of the Offender was filed primarily due to the offender's noncompliance with drug testing and his admission that he used marijuana.  The following special condition was imposed:



> 4. That the defendant shall serve up to 6 months community confinement in a community corrections center such as Mahoney Hale, at the discretion and direction of the Probation Office. While serving the term of community confinement, the defendant shall comply with the rules and regulations of Mahoney Hale.

Revocation
Sentence:   On 1/5/2005, the Court revoked the offender's supervised release for the following violations: refusing to submit for drug testing at Hina Mauka on 4/26/2004, 5/24/2004, 6/9/2004, 6/15/2004, 6/21/2004, 7/7/2004, 7/20/2004, 8/16/2004, 8/25/2004, and 8/31/2004; and refusing to submit for drug testing at the Probation Office on 6/22/2004. On 6/22/2004, Mr. Kiyotsuka admitted using marijuana 1 to 2 weeks prior to 6/22/2004.

On 6/16/2004 and 8/12/2004, Mr. Kiyotsuka failed to report to the Probation Office, and on 9/1/2004, we learned that Mr. Kiyotsuka was no longer residing at Victory Ohana, a transitional program, and was no longer employed at Padovani's Restaurant. The Court imposed a 12-month imprisonment sentence followed by 24 months supervised release with the following special conditions of supervised release:

> 1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.
>
> 2. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.
>
> 3. That the defendant shall serve up to 6 months community confinement in a community corrections center such as Mahoney Hale, at the discretion and direction of the Probation Office. While serving the term of community confinement, the defendant shall comply with the rules and regulations of Mahoney Hale.

Type of Supervision: Supervised Release   Date Supervision Commenced: 12/28/2005

Prob 12B
(7/93)

3

# PETITIONING THE COURT

To modify the conditions of supervision as follows:

**General Condition:** That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release (mandatory condition).

**Special Condition No. 1:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 3:** That the defendant extend his community confinement in a community corrections center at Mahoney Hale for up to 4 months, for a total of 10 months, as arranged by the Probation Office. While serving the term of community confinement, the defendant shall comply with the rules and regulations of Mahoney Hale. The defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

# CAUSE

We recommend that no action be taken as it appears that Mr. Kiyotsuka is amenable to treatment and supervision. Mr. Kiyotsuka has admitted to the following violations of supervised release:

1. General Condition — On 4/27/2006, Mr. Kiyotsuka admitted using marijuana on or about 4/24/2006.

2. Standard Condition No. 2 — Mr. Kiyotsuka failed to report to the Probation Office on 5/11/2006, at 3:00 p.m., as instructed on 5/11/2006, at 9:00 a.m.

Prob 12B
(7/93)

4

On 12/28/2005, Mr. Kiyotsuka began his second term of supervised release. He is residing at Mahoney Hale (MH) and is participating in substance abuse treatment and drug testing at Freedom Recovery Services, Inc. (FRS). While participating in treatment, Mr. Kiyotsuka submitted a urine specimen at FRS on 4/25/2006 that when tested, the results were presumptive positive for marijuana. On 4/27/2006, Mr. Kiyotsuka admitted that he had relapsed and used marijuana on or about 4/24/2006. He stated that an acquaintance picked him from work and offered him a marijuana cigarette. The specimen was forwarded to the national testing laboratory and the results were negative for illicit drugs. Nonetheless, based on his admission the offender is charged with using marijuana.

On 5/11/2006, Mr. Kiyotsuka was telephonically instructed to report to the Probation Office, at 3:00 p.m., on the same date. He agreed. However, Mr. Kiyotsuka failed to report. It was also learned that Mr. Kiyotsuka failed to notify MH staff of his true whereabouts. According to MH staff, Mr. Kiyotsuka telephonically contacted the facility staff at approximately 3:00 p.m. and reported that he was on his way to the Probation Office. When questioned on 5/12/2006, Mr. Kiyotsuka admitted to the violation and stated that he decided to meet his brother at a eatery instead.

Mr. Kiyotsuka was issued a verbal warning, his weekend social leaves from MH were suspended for 2 weekends, and his treatment at FRS was modified to include group counseling. Additionally, Mr. Kiyotsuka agreed to extend his stay at MH for up to 4 months for a total of 10 months. Mr. Kiyotsuka's extended stay for up to 4 months at MH are based on his lack of resources, not having the funds for a down payment for an apartment, and as sanction for his drug use violation. Because of Mr. Kiyotsuka's propensity for engaging in non-compliant behaviors, he was instructed to comply with the rules and regulations of MH or be subject to revocation proceedings.

Although revocation action is not recommended, we are recommending that the Court modify the mandatory drug testing condition and the special condition for drug testing and treatment.

As a result of the U.S. vs. Stephens ruling, we are recommending the collection of no more than eight valid drug tests per month. The modification is necessary so that the Probation Office could conduct random drug testing following the offender's completion of substance abuse treatment. Random drug testing is necessary given the offender's history of methamphetamine use. Furthermore, random drug testing is essential to identify a drug relapse and to determine the appropriateness for treatment.

We are also requesting a modification of the special condition that requires the offender to participate and comply with substance abuse treatment which includes drug and alcohol testing. This modification reinforces our position that drug testing is a component of substance abuse treatment. The proposed modifications are necessary to monitor these risk factors and to provide the necessary correctional treatment when treatment is appropriate. The offender agreed to the modifications included in this report.

Prob 12B
(7/93)

5

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The defense counsel and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

*[signature]*

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

*[signature]*

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 5/24/2006

---

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

*[signature]*

HELEN GILLMOR
U.S. District Judge

5·27·06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release (mandatory condition).

**Special Condition No. 1:**   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

***Special condition No. 3:*** That the defendant extend his community confinement in a community corrections center at Mahoney Hale for up to 4 months, for a total of 10 months, as arranged by the Probation Office. While serving the term of community confinement, the defendant shall comply with the rules and regulations of Mahoney Hale. The defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

Witness: _____
FITUINA F. TUA
Senior U.S. Probation Officer

Signed: _____
CHEYN KIYOTSUKA
Supervised Releasee

5/12/06
Date